UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

      Gladys Esowe,

                Debtor.

NOT FOR PUBLICATION

Case No. 24-11722 (MG)

Chapter 7

## MEMORANDUM OPINION AND ORDER GRANTING RELIEF FROM STAY

*A P P E A R A N C E S*:

**MARGOLIN, WEINREB & NIERER, LLP**
*Attorneys for SKA Assets LLC*
577 Underhill Boulevard, Suite 224
Syosset, NY 11791
By:    Andrew Goldberg, Esq.

**MARTIN GLENN
CHIEF BANKRUPTCY JUDGE**

        This case was originally filed on October 2, 2024, under Chapter 13 (pending before Judge Bentley) but was voluntarily converted to Chapter 7 on October 2, 2025 (reassigned to me). Now pending before the Court is the uncontested *Motion for Entry of an Order Pursuant to Sections 105, 361 and 362 of the Bankruptcy Code and Bankruptcy Rules Granting Relief from the Automatic Stay due to Non-Compliance* (the "Motion," ECF Doc. # 121) submitted by SKA Assets LLC (the "Creditor" or the "Movant"). The non-compliance is the with the Order Granting Adequate Protection Payments, entered on consent by Judge Bentley on June 23, 2025 (the "Adequate Protection Payment Order," ECF Doc. # 98). The Movant requests entry of an order modifying the Automatic Stay to allow the Movant to enforce its rights in the Property pursuant to Bankruptcy Code § 362(d). No opposition was filed to the Motion.

        For the reasons below, the Court **GRANTS** the Motion.

1

## I.     BACKGROUND

### A.  The Motion Seeking Relief from the Automatic Stay

The Debtor's primary asset is a real property located at 632 East 223rd Street, Bronx, New York 10466 (the "Property").  The Debtor listed the fair market value of the Property as approximately $1,300,000 (Summary of Assets and Liabilities, ECF Doc. # 17, 1).  The Property is encumbered by a first mortgage in favor of the Movant in the amount of $1,024,315.29, and municipal liens in favor of New York City Department of Finance in the amount of $22,912.17. (*Id.*)  The Debtor listed no unsecured creditors.  (*Id.*)

On April 7, 2025, Movant filed a Motion for Relief from Stay (the "First Motion," ECF Doc. # 70) seeking relief from the Automatic Stay regarding the property.  (Motion ¶ 1).  The issue was resolved by the Adequate Protection Payment Order approved by Judge Bentley directing the Debtor to make monthly adequate protection payments to Movant in the sum of $2,400.00 commencing July 10, 2025, and continuing each subsequent month.  (*Id.* ¶ 3).  The Order further provides that if the Debtor fails to make the adequate protection payments, the Movant can file an Affirmation of Non-Compliance with a proposed Order and upon the Court's approval, the Movant shall be granted relief from the automatic stay after filing of the Affirmation of non-compliance.  (*Id.* ¶ 5).

### B.  The Conversion to Chapter 7

On October 2, 2025, the Debtor filed a Notice of Conversion of Chapter 13 Case to Chapter 7.  ("Conversion Notice," ECF Doc. # 113, 1.)  The Debtor exercised her right of voluntary conversion pursuant to section 1307(a).  (*Id.* at 2).

2

C.  The Affirmation of Non-Compliance

On October 21, 2025, the Movant filed the Affirmation of Non-compliance. The Movant stated that since the Debtor failed to pay the payments required in the Order, the Movant is filing this affirmation as required by the order.  (Motion ¶¶ 5-6).

## II.  LEGAL STANDARD

A.  Relief from the Automatic Stay

Section 362(a)(1) of the Bankruptcy Code imposes an automatic stay of "the commencement or continuation" of all litigation against a debtor upon the debtor's filing of a bankruptcy petition.  *See* 11 U.S.C. § 362(a)(1); *In re Project Orange Assocs., LLC*, 432 B.R. 89, 101 (Bankr. S.D.N.Y. 2010).

Under § 362(d), a party in interest can seek relief from the automatic stay.  Section 362(d), in relevant part, provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if:
>
> > (A) the debtor does not have an equity in such property; and
> > (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

To prevail on a motion to lift the automatic stay under section 362(d), a movant must establish its *prima facie* case that there is cause to lift the stay.  The Code does not define what constitutes "cause" for relief from the automatic stay.  *In re Touloumis*, 170 B.R. 825, 828

3

(Bankr. S.D.N.Y. 1994). "'Cause' is an intentionally broad and flexible concept which must be determined on a case-by-case basis." *In re Project Orange*, 432 B.R. at 103 (quoting *In re Brown*, 311 B.R. 409, 412-13 (E.D. Pa. 2004)) (internal citation omitted). The decision whether to grant relief from the automatic stay falls within the discretion of the bankruptcy court. *Burger Boys, Inc. v. S. St. Seaport Ltd. P'ship (In re Burger Boys, Inc.)*, 183 B.R. 682, 687-88 (S.D.N.Y. 1994).

While "cause" is not defined in the Code, courts have considered a debtor's failure to make post-petition mortgage payments and a debtor's equity cushion in the property as relevant considerations in determining sufficient "adequate protection." *See In re Uvaydov*, 354 B.R. 620, 623 (Bankr. E.D.N.Y. 2006) ("[I]t is well established under decisional law that a debtor's failure to make post-petition mortgage payments in bankruptcy rehabilitation proceedings can constitute cause for relief under § 362(d)(1).")

B. <u>Court's Power to Enforce Compliance</u>

"There can be no question that courts have inherent power to enforce compliance with their lawful orders." *Worms v. Rozhkov (In re Markus)*, 78 F.4th 554, 564 (2nd Cir. 2023). For Bankruptcy Courts, this power is derived from Bankruptcy Code § 105(a), which provides that "the bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts have held that "whether or not the Court should exercise its inherent power must be determined on a case-by-case basis with due weight given to the specific facts and equities of the case." *In re Lyon & Reboli, Inc.*, 24 B.R. 152, 154 (Bankr. E.D.N.Y. 1982).

### III. DISCUSSION

A. The Court Should Enter an Order Granting Relief from the Automatic Stay

1. Cause Exists to Terminate the Stay under § 362(d)(1)

Cause exists to terminate the Stay. A consistent failure to make monthly mortgage payments constitutes *prima facie* evidence of cause. *See In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y. 1993). Once a party makes that showing, it becomes incumbent upon the debtor to "establish that the [creditor]'s interest in the property is adequately protected." *Id.*

Here, the Debtor filed no response to the Motion. The Debtor has failed to pay any post-petition interest since November 1, 2024, accumulating $12,013.39 in arrears as of March 2025, and has further defaulted on the monthly adequate protection payments of $2,400 ordered by this Court. (First Motion ¶¶ 9-10; Motion ¶ 6). Under these circumstances it is appropriate for this Court to terminate the Stay. No evidence of adequate protection has been provided.

2. This Court Has the Power to Enforce its Orders

Even if no cause exists, this Court can terminate the Stay by enforcing its Order Granting Adequate Protection Payments. In June 2025, this Court ordered that "in the event Debtor fails to timely pay any part of the adequate protection payments in accordance with [this Order] the automatic stay will be terminated by an order entered without a hearing." (Order at 1-2). To date, the Debtor has failed to make any of the required payments and has filed no objection to the Motion. (Motion ¶ 6).

The equities here favor the Movant. This Court has extended an equitable opportunity to the Debtor through the Adequate Protection Payment Order, by which the Court chose to modify the Stay rather than terminating it. Despite this, the Debtor has failed to make the requisite

5

payments. *Id.* When viewed in conjunction with the pre-petition foreclosure judgment, there is no equitable basis to deny the Movant's request to enforce its rights.

## IV. CONCLUSION

For the reasons explained above, the Motion is **GRANTED.**

**IT IS SO ORDERED.**

Dated:   December 17, 2025
         New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge